## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In Re:  ANTONIO TAVARIS BROWN,                Case No: 24-14931-PDR
          Debtor.        /

ANTON TUMANOV,                                Subchapter V
      Plaintiff,
vs.                                             Adv. Pro. No. 18-

ANTONIO TAVARIS BROWN,
       Defendant.         /

## COMPLAINT TO DETERMINE
## NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)

Plaintiff, ANTON TUMANOV ("TUMANOV") sues Defendant, ANTONIO TAVARIS BROWN ("DEFENDANT") for a determination under § 523(c) of the Bankruptcy Code that the debt DEFENDANT owes TUMANOV is not dischargeable under 11 U.S.C. §§ 523(a)(6), and states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 105;

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(6);

3. Venue is proper under 28 U.S.C. § 1409 as this adversary proceeding arises under Title 11, or arises in or relates to the Subchapter V bankruptcy proceeding before this Court;

### THE PARTIES

4. TUMANOV is an individual, a resident of Broward County, Florida, and a creditor of DEFENDANT and DEFENDANT's bankruptcy estate;

5. DEFENDANT is an individual and the voluntary Debtor in the Subchapter V case in which this adversary proceeding is filed;

## THE CRIMES AND THE PUNISHMENTS

6. On January 21, 2020, DEFENDANT willfully and maliciously assaulted, battered, and injured TUMANOV and injured his property;

7. DEFENDANT was arrested on January 23, 2020, for burglary with battery, burglary of an unoccupied conveyance (unarmed), and criminal mischief;

8. The People of the State of Florida prosecuted DEFENDANT for his crimes;

9. DEFENDANT pled *nolo contedere* to burglary of a conveyance, battery, and criminal mischief;

10. The Criminal Court withheld adjudication, sentenced DEFENDANT to two years of probation, 12 months of probation, and six months of probation, all to run concurrently, and imposed the special conditions of probation that DEFENDANT complete a 13-week anger management program, and that he complete 100 hours of community service. An additional special condition of probation the Criminal Court found was "Psychological/Psychiatric evaluation and treatment necessary";

## THE CIVIL SUIT

11. On May 1, 2021, TUMANOV sued DEFENDANT in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to recover damages for the assault and battery he suffered at the hands of the DEFENDANT. A true and correct copy of the *Complaint* TUMANOV filed against the DEFENDANT ("the State Court Complaint") is attached hereto as *Exhibit A*;

12. Included in the allegations of the State Court Complaint are that:

   a. "[DEFENDANT] actually and intentionally struck [TUMANOV]

against [TUMANOV's] own will;"

      b.    "[DEFENDANT] intended to cause [TUMANOV] bodily harm;" and

      c.    "[DEFENDANT] is the actual and proximate cause of bodily injuries sustained by [TUMANOV], for which [TUMANOV] continues to suffer sever bodily injuries, pecuniary losses, and mental anguish;"

13.    On July 12, 2022, the Broward Circuit Court entered its *Order Granting Default Judgment* (as to liability) ("the Default Judgment"). A true and correct copy of the Default Judgment is attached hereto as *Exhibit B*;

14.    The default upon which the Default Judgment was entered admits that DEFENDANT actually and intentionally struck TUMANOV against his will; admits that DEFENDANT intended to cause TUMANOV bodily harm; and admits that DEFENDANT is the actual and proximate cause of TUMANOV's bodily injuries and his continuing severe bodily injuries, pecuniary losses, and mental anguish;

15.    On October 7, 2022, a jury determined TUMANOV's damages to be $1,200,000 and the Court entered its *Final Judgment* ("the Final Judgment") providing that TUMANOV recover that amount from DEFENDANT. A true and correct copy of the Final Judgment is attached hereto as *Exhibit C*;

16.    On November 4, 2022, DEFENDANT moved under Fla.R.C.P. 1.540(b)(4) to set aside the Final Judgment, but never set said motion for hearing;

17.    Fla.R.C.P. 1.540(b) specifically provides that, "[a] motion under this subdivision does not affect the finality of a judgment, decree, or order or suspend its operation;"

18.    Also on November 4, 2022, DEFENDANT filed a *Notice of Appeal* of the Final Judgment ("DEFENDANT'S Appeal");

19.    On June 29, 2023, the 4th District Court of Appeal dismissed DEFENDANT's

Appeal for lack of prosecution;

**COUNT I**
**Determination of Non-Dischargeability of Debt**
**Under § 523(a)(6) (Willful and Malicious Injury)**

20. TUMANOV realleges the allegations of paragraphs 1-17;

21. 11 U.S.C. § 523(a)(6) provides in pertinent part:

> (a) A discharge under section . . . 1192 . . . of this title does not discharge an individual debtor from any debt—
> . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

22. As a result of the default and the Default Judgment, it has been established as a matter of law (i) that DEFENDANT actually and intentionally struck TUMANOV against his will; (ii) that DEFENDANT intended to cause TUMANOV bodily harm; and (iii) that DEFENDANT is the actual and proximate cause of TUMANOV's bodily injuries and his continuing severe bodily injuries, pecuniary losses, and mental anguish; and

23. The debt DEFENDANT owes TUMANOV is for willful and malicious injury by the DEFENDANT to TUMANOV, and is therefore not dischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff ANTON TUMANOV, on the grounds set forth above, demands judgment in his favor and against Defendant ANTONIO TAVARIS BROWN determining that the debt Defendant ANTONIO TAVARIS BROWN owes Plaintiff ANTON TUMANOV, composed of (i) the principal amount of the Final Judgment, (ii) post-petition interest accrued and to be accrued, (iii) pre-judgment and post-judgment costs taxed and to be taxed, and (iv) reasonable post-judgment state court and bankruptcy court attorney's fees incurred in connection with execution on the Final Judgment, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6), and for such other and further relief as the Court deems just and appropriate.

Dated: May 27, 2024

                        Respectfully Submitted,

                        <u>/s/ James Schwitalla</u>
                        James Schwitalla, Esquire
                        F.B.N. 911488
                        Attorney for ANTON TUMANOV
                        jws@MiamiBKC.net
                        The Bankruptcy Law Offices
                        of James Schwitalla, P.A.
                        12954 S.W. 133rd Court
                        Miami, FL  33186
                        (305) 278-0811

Case Number: CACE-21-009546 Division: 12
Filing # 126703397 E-Filed 05/12/2021 05:45:55 PM

*Tumanov v. Brown*

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

ANTON TUMANOV,
individually,

    Plaintiff,

v.                            CASE NO.

ANTONIO BROWN,
individually, and GLENN HOLT,
individually.

    Defendants.
_____/

## COMPLAINT

Plaintiff, Anton Tumanov, by and through his undersigned counsel hereby initiates the instant action for damages against Defendants, Antonio Brown and Glenn Holt, and in support thereof states further as follows:

1. This is an action for damages in excess of Thirty-Thousand Dollars ($30,000.00), exclusive of attorneys' fees and costs.
2. Plaintiff, Anton Tumanov is a resident of Broward County, Florida, is over the age of majority, and is otherwise *sui juris*.
3. Defendant, Antonio Brown (hereinafter, "Brown"), is believed to be a resident of Hillsborough County, Florida, and is otherwise *sui juris*.
4. Defendant, Glenn Holt (hereinafter, "Holt"), is believed to be a resident of Broward County, Florida, and is otherwise *sui juris*.
5. Venue is properly laid to the extent that the action accrues in Broward County, Florida.

### FACTS COMMON TO ALL COUNTS

6. On or about February 11, 2020, Defendant Brown entered into an agreement for relocation services with non-party, Amerimoving, LLC, a Florida Limited Liability Company, for the purposes of relocating Defendant's personal belongings from California, to Hollywood, Florida.

1

**Exhibit A**
**1 of 4**

7. Plaintiff Tumanov was, at all material times, the delivery driver employed with Amerimoving, LLC, ("Amerimoving") and was charged with the task of delivering Brown's goods to his home in Hollywood, Florida.
8. Defendant Brown is a well-known athlete, member of the National Football League (the "NFL") and, and actively plays for the Tampa Bay Buccaneers.
9. Defendant Holt, is Brown's trainer.
10. Plaintiff attempted to deliver the goods to Brown's home, in accordance with Brown's agreement with Amerimoving, but was met with resistance and violence, along with a refusal to remit payment for amounts otherwise due and owing under the relocation agreement.
11. In lieu of remitting payment for the delivery of goods, Brown instead refused to remit payment, and along with his personal trainer Glenn Holt, attacked Plaintiff's vehicle, unlawfully entered the vehicle, breaking the key from the ignition and snapping it in half, broke the lock securing the goods being transported, and threw from the vehicle, personal belongings that were being transported for the benefit of Amerimoving's other consumers that were contained within Plaintiff's vehicle at that time.
12. Significantly, Defendants' unwarranted episode of rage and unlawful conduct did not stop there, as they proceeded to verbally and physically attack Plaintiff, causing severe personal injuries to Plaintiff.
13. Plaintiff continues to suffer severe bodily injuries, pecuniary losses, and mental anguish from Defendants' unlawful actions.

**COUNT I**
**AGAINST DEFENDANT BROWN**
**ASSAULT**

14. Plaintiff reavers paragraphs 1 through 13, as if fully stated herein.
15. Defendant intentionally and unlawfully threatened Plaintiff with physical harm.
16. At all material times Plaintiff reasonably believed Defendant maintained the apparent ability to physically harm Plaintiff.
17. Plaintiff's belief was reasonable to the extent that Brown drew closer and closer to Plaintiff, until nearly no space existed between them, and Brown's anger, hostility, and aggression was readily apparent.

Exhibit A
2 of 4

18. Plaintiff continues to suffer damages as a result of Defendant's unlawful actions.

WHEREFORE, Plaintiff, Anton Tumanov, demands judgment for damages against Defendant, Antonio Brown, and for any such further and additional relief as this Honorable Court deems just and proper.

### COUNT II
### AGAINST DEFENDANT BROWN
### BATTERY

19. Plaintiff reavers paragraphs 1 through 13, as if fully stated herein.
20. Defendant actually and intentionally struck Plaintiff against Plaintiff's own will.
21. Defendant, at all material times intended to cause Plaintiff bodily harm.
22. Defendant is the actual and proximate cause of bodily injuries sustained by Plaintiff, for which Plaintiff continues to suffer severe bodily injuries, pecuniary losses, and mental anguish.

WHEREFORE, Plaintiff, Anton Tumanov, demands judgment for damages against Defendant, Antonio Brown, and for any such further and additional relief as this Honorable Court deems just and proper.

### COUNT III
### AGAINST DEFENDANT HOLT
### ASSAULT

1. Plaintiff reavers paragraphs 1 through 13, as if fully stated herein.
2. Defendant intentionally and unlawfully threatened Plaintiff with physical harm.
3. At all material times Plaintiff reasonably believed Defendant maintained the apparent ability to physically harm Plaintiff.
4. Plaintiff's belief was reasonable to the extent that Holt drew closer and closer to Plaintiff whilst holding car keys as a weapon, until nearly no space existed between them, and Holt's anger, hostility, and aggression was readily apparent.
5. Plaintiff continues to suffer damages as a result of Defendant Holt's unlawful actions.

WHEREFORE, Plaintiff, Anton Tumanov, demands judgment for damages against Defendant, Glenn Holt, and for any such further and additional relief as this Honorable Court deems just and proper.

**Exhibit A**
**3 of 4**

*Tumanov v. Brown*

### COUNT VI
### AGAINST DEFENDANT HOLT
### BATTERY

6. Plaintiff reavers paragraphs 1 through 13, as if fully stated herein.
7. Defendant Holt actually and intentionally struck Plaintiff against Plaintiff's own will.
8. Defendant, at all material times intended to cause Plaintiff bodily harm.
9. Defendant is the actual and proximate cause of bodily injuries sustained by Plaintiff, for which Plaintiff continues to suffer severe bodily injuries, pecuniary losses, and mental anguish.

WHEREFORE, Plaintiff, Anton Tumanov, demands judgment for damages against Defendant, Glenn Holt, and for any such further and additional relief as this Honorable Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands jury by trial as to all issues so triable.

Respectfully submitted this 12th day of May.

*/s/ Ryan N. Chae*
**Ryan N. Chae, Esquire**
Florida Bar No. 117495
**RNC Legal**
2450 Hollywood Blvd.
Suite 305
Hollywood, FL 33020
T (954) 417.7000
F (954) 998.4505
Email – rchae@rnclegal.net
*Counsel for Plaintiff*

4

**Exhibit A**
**4 of 4**

Filing # 153210787 E-Filed 07/13/2022 06:00:40 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE21009546   DIVISION: 12   JUDGE: Frink, Keathan B. (12)

**Anton Tumanov**

Plaintiff(s) / Petitioner(s)

v.

**Antonio Brown, et al**

Defendant(s) / Respondent(s)

_____/

### Order Granting Default Judgment

THIS CAUSE, having been come before this Honorable Court at hearing on 7/12/22 upon Plaintiff's Motion for Default on Defendant, ANTONIO BROWN and the Court, being fully advised in the premises, it is;

1. Determined by this Honorable Court that Defendant, ANTONIO BROWN was provided with notification of the default hearing and neither filed any opposition or made an appearance and accordingly, the Motion for Default Judgment is GRANTED.

2. Further, the Court shall schedule the trial for damages only, during the period commencing September 19, 2022, through October 7, 2022, with a calendar call on September 12, 2022.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 12th day of July, 2022.

CACE21009546 07-12-2022 11:05 PM
Hon. Keathan Frink
**CIRCUIT JUDGE**
Electronically Signed by Keathan Frink

**Copies Furnished To:**

**Exhibit B**
**1 of 2**

Case Number: CACE21009546

ANTONIO BROWN , Address : 3600 Estate Oak Circle, Fort Lauderdale, Florida 33312
Jeffrey R. Davis , E-mail : michelle@jeffdavislaw.com
Jeffrey R. Davis , E-mail : jeff@jeffdavislaw.com
Jeffrey R. Davis , E-mail : pleadings@jeffdavislaw.com
Ryan Neil Chae , E-mail : paralegal@rnclegal.net
Ryan Neil Chae , E-mail : rchae@rnclegal.net

**Exhibit B**
**2 of 2**

Instr# 118454849 , Page 1 of 2, Recorded 10/13/2022 at 10:14 AM
Broward County Commission

Filing # 158833300 E-Filed 10/07/2022 07:56:36 PM

### IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE21009546</u>   DIVISION: <u>12</u>   JUDGE: <u>Frink, Keathan B. (12)</u>

**Anton Tumanov**

Plaintiff(s) / Petitioner(s)

v.

**Antonio Brown, et al**

Defendant(s) / Respondent(s)

_____/

### FINAL JUDGMENT

IT IS HEREBY Ordered and Adjudged as follows:

That the Plaintiff, ANTON TUMANOV of 339 Jackson Street, #12, Hollywood, Broward County, Florida 33019, hereby recovers from the Defendant, ANTONIO BROWN, of last known address: 3600 Estate Oak Circle, Fort Lauderdale, Broward County, Florida 33312, DOB█████████, the total sum of One Million and Two Hundred Thousand Dollars ($1,200,000.00), for which let execution issue.

This judgment shall bear interest at the rate of statutory rate from the date of entry until satisfied. The Office of the Chief Financial Officer has set the quarterly rate of interest payable on judgments and decrees beginning October 1, 2022, at 4.75 percent per annum or 000130137 per day.

Copies furnished to:
Jeffrey R. Davis, Esq. (pleadings@jeffdavislaw.com)
Davis Law
75 Valencia Avenue, Suite 100
Coral Gables, Florida 33134

ANTON TUMANOV (Plaintiff/Creditor)
3556 NW 24th Street
Lauderdale Lakes, Florida 33311

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/07/2022 07:56:36 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.
VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by The Honorable Brenda D. Forman
Date: 2024.02.07 14:20:21 -05:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

**Exhibit C**
**1 of 2**

Instr# 118454849 , Page 2 of 2, End of Document

Case Number: CACE21009546

ANTONIO TAVARIS BROWN (Defendant)

3600 Estate Oak Circle

Fort Lauderdale, Florida 33312

D/O/B: ▓▓▓▓▓▓▓▓

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>7th day of October, 2022</u>.

<u>CACE21009546 10-07-2022 11:16 AM</u>
Hon. Keathan Frink
**CIRCUIT COURT JUDGE**
Electronically Signed by Keathan Frink

**Copies Furnished To:**
ANTONIO TAVARIS BROWN , Address : 3600 Estate Oak Circle Fort Lauderdale, Florida 33312
Jeffrey R. Davis , E-mail : michelle@jeffdavislaw.com
Jeffrey R. Davis , E-mail : jeff@jeffdavislaw.com
Jeffrey R. Davis , E-mail : pleadings@jeffdavislaw.com
Michael Scott Lotto , E-mail : ypalma@gwardlaw.com
Michael Scott Lotto , E-mail : pleadings@gwardlaw.com
Michael Scott Lotto , E-mail : mlotto@gwardlaw.com
Ryan Neil Chae , E-mail : paralegal@rnclegal.net
Ryan Neil Chae , E-mail : rchae@rnclegal.net

Unique Code : CAA-FAA-BCABB-GECJACJH-ICHGGB-B Page 2 of 2

**Exhibit C**
**2 of 2**