UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:
ANTONIO TAVARIS BROWN,  Case No. 24-bk-14931-PDR

  Debtor.
  Chapter 7

_____/

## DEBTOR'S OBJECTION TO CLAIM NO. 16 OF STEFANO TEDESCHI

### NEGATIVE NOTICE

Pursuant to Local Rule 3007-1(D), the undersigned hereby certifies that this objection is filed on negative notice. Creditors and parties in interest may file a written response within thirty (30) days from the date of service. If no timely response is filed, the Court may enter an order granting the relief requested without further notice or hearing.

Debtor, Antonio Tavaris Brown, by and through undersigned counsel, hereby files this Objection to Claim 16 of Stefano Tedeschi ("Claimant"), and in support thereof states as follows:

1.  On July 8, 2025, creditor Stefano Tedeschi filed Proof of Claim No. 16 in the amount of $5,288,755.12 based on a summary judgment entered in Orange County, Florida (Case No. 2021-CA-010441-O).

2.  The state court case included multiple counts, but no jury verdict or damages determination was ever made with respect to Count IV (slander per se). The Amended Order Granting Motion for Summary Judgment (August 29, 2023) merely established liability by default, without adjudication of damages.

3. Despite the absence of a damages finding, Tedeschi's claim attributes over $4.9 million to Count IV slander per se, including speculative "brand activations," "television show development," and alleged non-statutory attorneys' fees. These amounts are unsupported, unliquidated, and improper in bankruptcy.

4. The Debtor objects to Claim 16 on the grounds that the amount claimed is excessive and unfounded, as the underlying state court judgment did not specify any amount of damages for the slander per se claim.

5. Under 11 U.S.C. § 502(b)(1), a claim shall be disallowed to the extent it is unenforceable against the debtor under applicable law. Because the underlying judgment does not liquidate or fix damages for defamation, the slander per se portion is unenforceable and should be disallowed.

6. Bankruptcy courts have consistently held that proofs of claim for unliquidated tort damages must be substantiated by a final judgment or competent evidence. In *Sterling Factors, Inc. v. Whelan (In re Whelan)* (*In re Whelan*), 236 B.R. 495 (Bankr. N.D. Ga. 1999), the court found that unliquidated damages, such as those based on tort actions, require evidence to establish the amount of damages. It emphasized that even in default situations, the plaintiff must introduce evidence to substantiate unliquidated damages, and the defendant must be given an opportunity to contest them. *Sterling Factors, Inc.*, 236 B.R. 495.

7. When a claim is based on a prior judgment against the debtor, the bankruptcy court retains equitable powers to deal justly between the judgment-creditor and other claimants. *In re A-1 24 Hour Towing, Inc.*, 33 B.R. 281, 10 (Bankr. D. Nev. 1983) *B.C.D. 1382 (Bankr. D. Nev. 1983)* the bankruptcy court recognized that notwithstanding res judicata, bankruptcy courts have equitable power to entertain collateral attacks on prior judgments when the judgment was founded

on no real debt or on a legally unenforceable obligation. *In re Hogan*, 47 B.R. 124 (Bankr. W.D. Wis. 1985).

8. This Court therefore has the authority to examine the propriety of the amount claimed by Claimant, particularly where, as here, the state court made no specific finding as to damages.

9. Even in cases of defamation per se, damages must be proved by competent evidence. *Miami Herald Pub. Co. v. Brown*, 66 So. 2d 679, 681 (Fla. 1953). Thus, Florida law recognizes that while slander per se presumes some damages, it does not presume millions in economic loss absent proof.

10. Here, Tedeschi's claim improperly inflates the amounts by including:

   a. $1,740,000 for "activations" (based on hypothetical events).

   b. $1,367,809.80 for "TV show" development (based on projected contracts never executed).

   c. $1,125,328.11 in "non-statutory attorneys' fees."

   d. Additional interest and costs totaling nearly $5 million

11. None of these were adjudicated in the state court judgment, and they remain non-liquidated tort damages.

12. In this case, Claimant has failed to provide competent evidence supporting the amount of damages claimed in Proof of Claim No. 16.

13. Claimant has not demonstrated how the allegedly defamatory statements were a substantial factor in causing harm in the amount claimed.

14. The amount claimed is therefore excessive and should be disallowed or reduced to an amount supported by competent evidence.

WHEREFORE, the Debtor respectfully requests that this Court: (1) sustain this Objection to Claim 16 of Stefano Tedeschi; (2) disallow the claim in its entirety or alternatively reduce it to an amount supported by competent evidence; and (3) grant such other and further relief as this Court deems just and proper.

*/s/ Jake C. Blanchard*
Jake C. Blanchard, Esq.
Blanchard Law, PA
8221 49th Street N.
Pinellas Park, FL 33781
Tel: 727-531-7068
Fax: 727-535-2086
jake@jakeblanchardlaw.com
Fla. Bar No.: 0055438
Counsel for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided on September 28, 2025 through the Court's CM/ECF Noticing System to all parties registered for electronic service, including the U.S. Trustee, and by U.S. Mail to Stefano Tedeschi, 8725 White Ibis Ct, Orlando, FL 32836.

*/s/ Jake C. Blanchard*
Jake C. Blanchard, Esq.
Fla. Bar No.: 0055438