

**ORDERED in the Southern District of Florida on February 3, 2026.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 7 |
| ANTONIO TAVARIS BROWN, | Case No. 24-14931-PDR |
| Debtor. _____/ | |

**ORDER APPROVING TRUSTEE'S SETTLEMENT AND**
**COMPROMISE OF CONTROVERSIES WITH DEBTOR AND RELATED**
**PARTIES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

THIS CAUSE came before the Court for hearing on January 29, 2026, at 10:30 a.m. ET (the "Hearing"), upon the *Trustee's Motion to Approve Settlement and Compromise of Controversies with Debtor and Related Parties Pursuant to Federal Rule of Bankruptcy Procedure 9019* (Docket No. 370) (the "Motion")[1] filed by Les S. Osborne, solely as the Chapter 7

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion or Settlement Agreement (as defined herein), as applicable.

Trustee for the estate of Antonio Tavaris Brown (the "Debtor") and not individually (the "Trustee"), for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement by and among the Trustee, on one hand, and the Debtor, AB Brown Family LLLP (the "Brown Partnership"), and Antonio Brown a/k/a Antonio El-Allah as Trustee of the Antonio El-Allah Express Trust (the "Brown Trust", and collectively with the Debtor and the Brown Partnership, the "Defendants"), on the other hand (the "Settlement Agreement"); and it appearing that the compromise and settlement of claims and the two separate adversary proceeding cases as set forth in the Settlement Agreement are fair, reasonable, and equitable; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; having noted that no interested party filed an objection; and it further appearing that the relief requested in the Motion is in the best interest of the Debtor, his estate, and creditors; and having found that based upon the record before the Court that entry into the Settlement Agreement annexed hereto as **Exhibit A** is appropriate and a sound exercise of the Trustee's business judgment, and satisfies the factors enumerated in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990), the Court hereby finds that good cause exists to grant the relief requested in the Motion, it is hereby **ORDERED as follows:**

    1.    The Motion is **GRANTED**.

    2.    The Settlement Agreement is hereby **APPROVED** in its entirety, as being fair, reasonable, and equitable.

    3.    As provided by the Settlement Agreement, upon this Order becoming final and non-appealable, the following actions shall occur:

        (a) Defendants shall agree to entry of an order of final judgment in the Dolce Adversary that (i) clears title to the Dolce Property so that title revests in the

name of the Debtor; (ii) authorizes entry of a judgment quieting title to the Dolce Property into the name of the Debtor; (iii) acknowledges that the Dolce Property is property of the Debtor's estate; and (iv) requires the Debtor and Brown Partnership, if necessary, to execute and deliver to the Trustee any necessary deeds of conveyance. The Trustee may sell the Dolce Property once title revests to the Debtor. The proceeds from the sale (net of expenses) shall be used to pay administrative expenses of the Debtor's estate and to fund distributions to the Debtor's creditors. If the proceeds from the sale of the Dolce Property are insufficient to pay all allowed claims in full (including administrative expense claims), then the Debtor shall pay the shortfall either from the cash he has available or, to the extent such cash is insufficient, first from the sale of the Oak Circle Property (subject to the Debtor's homestead exemption, if he claims it, for 1/2 acre of the Oak Circle Property) and second, if necessary, from the sale of the 4315 W Leona Street, Tampa, FL 33629 (the "Leona Street Property");

(b) Defendants shall agree to entry of an order of final judgment in the Oak Circle Adversary that (i) avoids the transfer of the Oak Circle Property from the Debtor to Brown Partnership such that title to the Oak Circle Property is vested in the Debtor; (ii) acknowledges that the Oak Circle Property is property of the Debtor's estate, subject to any claims of exemption asserted by the Debtor and any additional objections raised thereto; and (iii) requires the Debtor and Brown Partnership, if necessary, to execute and deliver to the Trustee any necessary deeds of conveyance. During the Abatement Period (as defined below), the final judgment shall not be recorded and the official title of the Oak Circle Property shall remain in the name of Brown Partnership during the Abatement Period. Once the Abatement Period expires, title to the Oak Circle Property shall revest in the name of the Debtor, and the Debtor may only attempt to claim it as exempt under the Florida Homestead exemption 1/2 acre of the Oak Circle Property and the Oak Circle Property can be sold, if necessary, by the Trustee with the Trustee recovering any funds from a sale attributed to the value of the Oak Circle Property greater than 1/2 acre for the benefit of the Debtor's creditors. The Debtor may amend his Schedules to claim the homestead exemption on the Oak Circle Property subject to the Trustee's rights to object to any asserted exemption. In the event all allowed claims, including administrative expense claims, are paid with interest (if allowed by law) in full from the sale of the Dolce Property or other resources of the Debtor or Defendants, then the order of final judgment in the Oak Circle Adversary shall be vacated and title to Oak Circle Property shall revert back to the name of the Brown Partnership; and

(c) the Trustee shall abate from selling the Oak Circle Property and seeking to recover the Leona Street Property for a period of six (6) months from the date of the Settlement Agreement (the "Abatement Period"), provided that the Defendants cooperate with the Trustee regarding the sale of the Dolce Property and otherwise comply with the terms of the Settlement Agreement. In addition,

the Trustee shall also abate from pursuing any avoidance actions, such as fraudulent transfer or preference claims, for a period of six (6) months from the date of the Settlement Agreement.

4. Further, as provided by the Settlement Agreement: (i) the Debtor and/or Defendants shall maintain the Dolce Property, the Oak Circle Property, and the Leona Street Property, which shall include paying all maintenance costs, property taxes, homeowners' association dues, charges, fines, and special assessments, and general maintenance and upkeep, including during the Abatement Period; (ii) the Debtor shall provide all bank statements, dated as far back as two years from the Petition Date, for all of his accounts, including every entity in which he has an ownership or controlling interest, including, but not limited to Boomin, Brown Partnership, AB Brown Sr., LLC, and Antonio T. Brown, Sr. Living Trust in order for the Trustee to determine if third parties received any preferential or fraudulent transfers;[2] and (iii) after the Abatement Period expires and provided that the Debtor's estate does not have sufficient resources to pay all allowed claims in full, the Trustee may also, in his discretion, pursue avoidance actions or any other cause of action against Insiders (as that term is defined in the Bankruptcy Code) that would benefit the Debtor's estate.[3]

5. The Trustee's deadline to file a complaint objecting to the discharge of the Debtor under section 727 of the Bankruptcy Code, which currently expires on March 28, 2026,[4] is hereby

---

[2] The Trustee shall abate pursuing any avoidance actions against insiders of the Debtor for a period of six (6) months from the date of the Settlement Agreement.

[3] To the extent that the Trustee has identified any fraudulent or preferential transfers each totaling over $10,000 of cash or in asset value, the recipients of such transfers if related in any way to the Debtor as an Insider (as that term is defined in the Bankruptcy Code), shall execute tolling agreements to preserve the Trustee's statute of limitations, otherwise the Trustee shall initiate actions against such recipients irrespective of the Abatement Period. Abatement of preference and fraudulent transfer actions does not apply to non-Insiders and the Trustee may pursue such claims at his discretion.

[4] *See* Docket No. 392.

extended by six months from the date of entry of this Order approving the Settlement Agreement, through and including July 30, 2026.

6. The failure to specifically include or reference any particular term or provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such term or provision.

7. The Settlement Agreement is the product of extensive, good faith, and arms' length negotiations between the Trustee and Defendants, and their respective representatives.

8. The Trustee and Defendants are authorized to take any and all actions necessary to enter into, perform, execute, deliver, and consummate the Settlement Agreement, and take all actions necessary to fully implement and effectuate the Settlement Agreement, and all actions and obligations contemplated by the Settlement Agreement, in accordance with its terms and conditions, all of which are hereby approved.

9. In accordance with the Settlement Agreement, the Debtor shall have standing to file colorable objections to any and all claims, who shall first present any objections to the Trustee. The Trustee shall then determine whether such claims are potentially valid and, if so, the Trustee shall join in the Debtor's objection. Further, if the Trustee determines that any objections to claims are invalid, he shall have the right to oppose any such objections. For the avoidance of doubt, the Trustee has standing, and shall have the right, to assert objections to claims that he deems invalid.

10. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order and the Settlement Agreement.

###

**Submitted by:**
D. Brett Marks, Esq.
**AKERMAN LLP**
*Counsel for Chapter 7 Trustee*
201 E Las Olas Blvd Suite 1800
Fort Lauderdale, Florida 33301
Email:  brett.marks@akerman.com
Tel:  954-463-2700
Fax: 954-463-2224

*D. Brett Marks is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.*