

**ORDERED in the Southern District of Florida on April 9, 2026.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                                 Chapter 7

ANTONIO TAVARIS BROWN,                             Case No. 24-14931-PDR

      Debtor.

_____/

**ORDER GRANTING TRUSTEE'S**
***EXPEDITED* MOTION FOR ENTRY OF AN**
**ORDER AUTHORIZING SALE OF REAL PROPERTY**
**FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,**
**AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(B), (F) AND (M)**

THIS MATTER came before the Court for hearing on April 9, 2026, at 10:30 a.m. ET

(the "Hearing") upon the *Trustee's Expedited Motion for Entry of an Order Authorizing Sale of*

*Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to*

*11 U.S.C. §§ 363(b), (f) and (m)* (ECF No. 416), by which Les S. Osborne (the "Trustee") for the

above-referenced Debtor Antonio Tavaris Brown (the "Debtor") seeks authority to sell, free and

clear of all liens, claims, encumbrances, and interests, the real property commonly known as 8609

86063195;3

Dolce Vita Lane, Odessa, Florida 33556 (the "Dolce Property"). For the reasons set forth in the Motion and at the Hearing, the Trustee has demonstrated that the sale of the Dolce Property on the terms contained in the Motion and the Contract attached to the Motion, is in the best interests of the Debtor's estate. Accordingly, it is hereby **ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      The Trustee is authorized to sell the bankruptcy estate's interest in the Dolce Property to Gary Deremer (the "Buyer") for the sum of $3,999,999.00 (the "Purchase Price") pursuant to 11 U.S.C. §§ 363(b), (f), and (m), free and clear of all liens, claims, encumbrances, and interests subject to the terms and conditions herein. To the extent there are any liens on the Dolce Property, such liens shall attach to the net proceeds of the sale subject to any claims and defenses of the Debtor or the Trustee.

3.      Notice of the Motion upon all creditors was proper and in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and this Court's Local Rules.

4.      The Trustee is authorized to pay the ordinary and customary closing costs related to the sale of the Dolce Property in accordance with the Contract, including: (i) all previously-approved brokers' commission percentages of the final Purchase Price—1.5% to Trustee Realty Inc. (the "Broker") and 2.5% to Smith and Associates Real Estate as the listing brokers, and 2% to Best of the Gulf Realty Inc. as the buyer's broker; (ii) unpaid maintenance and utility charges; and (iii) any unpaid real estate taxes.

5.      Nothing in this Order is intended to affect rights of the United States Trustee, the Trustee, or parties in interest to object to proofs of claim. Therefore, the United States Trustee, the Trustee, and all parties in interest shall retain all rights to prosecute objections to proofs of claim.

86063195;3

6.      The Buyer is a good-faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby, based on the uncontested proffers admitted at the Hearing by the Trustee and the Broker.

7.      The sale made pursuant to this Order is "AS-IS" and shall be by Trustee's Deed, with no warranties of title whatsoever.

8.      The Trustee is authorized to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the relief granted herein, including authorization for the Trustee to execute any and all closing documents.

9.      The Court hereby waives the 14-day stay pursuant to Rule 6004(h) and the Trustee is authorized to close the sale of the Dolce Property immediately upon the entry of this Order.

10.     The Buyer shall be afforded the protections of 11 U.S.C. § 363(m).

11.     This Court shall retain sole and exclusive subject matter jurisdiction to implement, interpret, and enforce the terms of the Motion and this Order and to adjudicate all claims, controversies, and/or disputes arising from or related to the proposed sale.

###

Submitted by:

D. Brett Marks, Esq.
Florida Bar No.: 099635
Email: brett.marks@akerman.com
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301-2999
Tel: (954) 463-2700
Fax: (954) 463-2224

*Counsel for the Trustee, Les S. Osborne*

*Attorney Marks is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.*

86063195;3